IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM BERRY,

       Plaintiff,                    No. CIV S-04-2580 LKK KJM PS

  vs.

THE STATE OF CALIFORNIA, et al.,

       Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Defendants' motion to dismiss came on regularly for hearing on February 23, 2005.  Plaintiff appeared in propria persona.  Susan Oie appeared for defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

       In this action, plaintiff seeks a declaration that California Family Code section 271 is unconstitutional on its face and as applied to plaintiff.  The complaint also seeks equitable relief enjoining the California State Judiciary from sanctioning appeals under section 271.  Defendants contend, among other arguments, that this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.[1]

---

[1] Defendants' other arguments appear to be well-taken.  However, the Rooker-Feldman argument is dispositive.

1

A federal district court does not have jurisdiction to review errors in state court decisions in civil cases, with the exception of habeas corpus petitions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.

The instant action arises out of a civil action filed by plaintiff in state court following a marital settlement agreement.[2] The state court action was against plaintiff's former

---

[2] Defendants request the court take judicial notice of the two unpublished appellate decisions pertaining to plaintiff's state court action. That request is granted.

wife and her counsel for abuse of process. In that action, sanctions were awarded against plaintiff under Family Code section 271. Plaintiff raised the same constitutional challenges he raises in the instant federal action on appeal in state court. Stripped to its essence, this action is one for federal district court review of state court proceedings. The court finds the instant action amounts to an attempt to litigate in federal district court matters that are inextricably intertwined with state court decisions.

Accordingly, the court will recommend this action be dismissed for lack of subject matter jurisdiction under <u>Rooker-Feldman</u>.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
berry.57